IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **GULF COPPER & MANUFACTURING CORPORATION,** | § § § | CIVIL CASE NO. _____ |
| **Plaintiff,** | § § | |
| VS. | § § | FED. R. CIV. P. 9(h) Admiralty Claim |
| **M/V PACIFIC 12 f/k/a PRIDE WISCONSIN, her apparel, equipment, engines, freights, tackle, etc.,** *in rem*, | § § § § § | |
| **Defendant.** | § | |

## VERIFIED ORIGINAL COMPLAINT

COMES NOW, Plaintiff Gulf Copper & Manufacturing Corporation ("Gulf Copper" or "Plaintiff") and for its complaint against the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN, her apparel, equipment, engines, freights, tackle, etc., *in rem*, respectfully avers as follows:

### Jurisdiction and Venue

1. Gulf Copper's *in rem* claims are within the admiralty and maritime jurisdiction of the Court, and Gulf Copper's claims are admiralty or maritime claims within the meaning of Fed. R. Civ. P. 9(h). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 *et seq.*, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Venue is proper because the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN, is located in this District and Division, and all or a substantial portion of the shipyard

goods, necessaries, berthage, shore power, and other services provided by Plaintiff were provided in this District and Division.

## Parties

3. Gulf Copper ("Gulf Copper") is a Texas Corporation with its principal place of business in Port Arthur, Texas, and is authorized to do business in this State. Gulf Copper operates a shipyard and supplies vessels with repairs, dry-docking, parts, supplies, and other necessaries.

4. The M/V PACIFIC 12 f/k/a PRIDE WISCONSIN is a vessel that, upon information and belief, is not registered in the United States, bearing IMO No. 8752142. Upon information and belief, the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN is, or was, owned, chartered and/or operated by 77 American Petroleum Services and/or Pacific Drilling, who is bound to make payment through maritime attachment liens and contracts with Gulf Copper. Said vessel is now, or will be during the pendency of process hereunder, within this district and within the jurisdiction of this Honorable Court, and she is presently located at Gulf Copper's Galveston yard, 2920 Todd Rd., Galveston, Texas 77554.

## Factual Background

5. Gulf Copper supplied necessaries, including berthage, shore power, and other services, to the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN. *See* Exhibit 1 (Demand Letter). The M/V PACIFIC 12 f/k/a PRIDE WISCONSIN continues to be berthed at this location as of the time of the filing of this suit.

6.On or about October 25, 2019, Gulf Copper informed 77 American Petroleum Services and/or Pacific Drilling that payment had not been received for the accrued berthage and other services. *See* Exhibit 1. Gulf Copper further demanded immediate payment of the full outstanding amount of $273,386.25. *Id*. To date, the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN continues to occupy, and accrue fees, at the same berth at Gulf Copper's Galveston yard.

7.The outstanding debt currently due for berthing, shore power, and other related services provided by Gulf Copper to the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN totals at least $273,386.25. A true and correct copy of all overdue Gulf Copper Invoices are attached as Exhibit 2 and incorporated by reference. Because the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN continues to occupy a berth at the Gulf Copper's shipyard, berthage fees and related services provided to the vessel continue to accrue and will become due during the pendency of this suit.

9.Gulf Copper has demanded payment for the outstanding invoices currently due, but no payment from 77 American Petroleum Services and/or Pacific Drilling has been forthcoming.  No offsets or credits are due. Therefore, 77 American Petroleum Services and/or Pacific Drilling is liable for this overdue unpaid balance in the amount of $273,386.25, as well as for invoices that become due during the pendency of this action and any additional goods and services which Gulf Copper may be asked to provide or forced to undertake. The M/V PACIFIC 12 f/k/a PRIDE WISCONSIN remains at Gulf Copper's Galveston shipyard, and Gulf Copper is therefore entitled to the berthage that continues to accrue until the vessel is released or sold.

10. Such mooring, berthing, and related services constitute necessaries for the purposes of the Federal Maritime Lien Act, 46 U.S.C. § 33141 *et seq.*, as the goods and services were reasonably necessary in and for the conduct of the business of the vessel and enabled the vessel to perform her particular function. Therefore, Plaintiff has a preferred maritime lien against the vessel for such domestic necessaries.

### Rule C, *in rem* against the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN

11. Gulf Copper repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

12. Gulf Copper provided berthing, mooring, and related services to the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN. To date, 77 American Petroleum Services and/or Pacific Drilling, as owner, operator, or charterer of the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN has not paid for such services despite an agreement to do so, and despite demands for payment.

13. Gulf Copper has suffered damages and losses, and is now entitled to a maritime lien for necessaries against the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN in the amount of at least $273,386.25, exclusive of interest, and costs, and attorneys' fees. Additionally, because the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN remains at Gulf Copper's facility, charges continue to accrue.

### Breach of Maritime Contract, in rem, against the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN

14. Gulf Copper repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

4831-8535-7997.1/D6373/B24724/111819

15. Gulf Copper provided berthing, mooring, shore power, and related services to the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN pursuant to an agreement with 77 American Petroleum Services and/or Pacific Drilling for such provision. To date, the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN is obligated to pay at least $273,386.25 exclusive of interest, and costs, and attorneys' fees, for these services, but has refused to make payment as agreed.

Additionally, because the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN remains at Gulf Copper's facility, charges continue to accrue.

### Unjust Enrichment/Quantum Meruit, *in rem*, against the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN

16. Gulf Copper repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

17. In the alternative and without waiving the above, Gulf Copper is entitled to recover the amount due from 77 American Petroleum Services and/or Pacific Drilling based upon promises implied by law under the theory of unjust enrichment. Specifically, Gulf Copper provided berthing, mooring, shore power, and related services to the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN, which goods and services were accepted, used, and enjoyed by the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN, and under such circumstances as reasonably notified the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN that Gulf Copper was expecting to be paid.

18. The M/V PACIFIC 12 f/k/a PRIDE WISCONSIN's actions in the above facts constitute unjust enrichment. The agreed and/or fair and reasonable value and benefit for

the unpaid berthing, mooring, shore power, and related services totals at least $273,386.25, all to Gulf Copper's actual damage in the amount of at least $273,386.25, to date. Additionally, because the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN remains at Gulf Copper's facility, charges continue to accrue.

**Suit on Account, *in rem*, against the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN**

19. Gulf Copper repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

20. Gulf Copper brings this suit on a sworn account pursuant to Rule 185 of the Texas Rules of Civil Procedure. As shown by the verified account attached as Exhibit 3, Gulf Copper, at the insistence and request of 77 American Petroleum Services and/or Pacific Drilling, furnished berthing, mooring, shore power, and related services to the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN. Said verified account is a liquidated money demand, and a systematic record of account, incorporating charges submitted to 77 American Petroleum Services and/or Pacific Drilling and is a record of business dealings between Gulf Copper and 77 American Petroleum Services and/or Pacific Drilling. 77 American Petroleum Services and/or Pacific Drilling promised and became bound to pay Gulf Copper the sums of money charged on its account. On October 25, 2019, Gulf Copper made a written demand on 77 American Petroleum Services and/or Pacific Drilling, LLC for payment. *See* Exhibit 1. 77 American Petroleum Services and/or Pacific Drilling, LLC and the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN have failed to pay and continue to refuse and fail to pay Gulf Copper the $273,386.25 owed.

6

21. The berthing, mooring, shore power, and related services furnished by Gulf Copper were billed to 77 American Petroleum Services and/or Pacific Drilling at the reasonable, fair and customary price, and were reasonably worth, at the time of sale and delivery, the sums of money charged therefore. As evidenced by the attached statement of account, there is a balance due, after all just and lawful offsets, payments and credits, of $273,386.25. Additionally, because the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN remains at Gulf Copper's facility, charges continue to accrue.

## Conditions Precedent

22. All conditions precedent have been performed or have occurred.

## Priority of Liens

23. The M/V PACIFIC 12 f/k/a PRIDE WISCONSIN's unpaid obligations for necessaries resulted in maritime liens against the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN to which any Ship Mortgages are subordinate pursuant to 46 U.S.C. § 31326(b)(2).

## Rule C

24. Pursuant to Supplemental Rule E(5)(a), Gulf Copper requests that the Court fix the principal amount of the bond or other security to obtain the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN's release at an amount sufficient to cover the amount of Gulf Copper's claim with accrued interest and costs and further requests that the Court require that the bond or other security be conditioned for the maximum permitted by Rule E(5), which permits security up to twice the amount of Gulf Copper's claim.

## Conclusion and Prayer

26. Gulf Copper is entitled under Rule C to arrest the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN, which is subject to a maritime lien for goods and services provided by Gulf Copper and that remain due and owing.

27. No waiver is intended of any rights or remedies Gulf Copper may have under any agreement among the parties or by law, which rights and remedies are specifically reserved.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Gulf Copper prays as follows:

1. Issue Warrant of Arrest for the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN, commanding the United States Marshal to arrest the vessel and take it into custody;

2. Order the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN to be condemned and sold to pay the costs of *custodia legis* and damages owed to Gulf Copper;

3. That a judgment be entered in favor of Gulf Copper against the M/V PACIFIC 12 f/k/a PRIDE WISCONSIN, her apparel, equipment, engines, freights, tackle, etc., *in rem*, for at least the $273,386.25 currently owed, plus invoices that come due during the pendency of this litigation, berthage, additional shipyard goods, shore power, and services provided, attorneys' fees, court costs and additional accrued interest;

4. That this Court grant Plaintiff such other and further relief to which it may show itself justly entitled at law, in equity, or in admiralty.

4831-8535-7997.1/D6373/B24724/111819

Respectfully Submitted,

**CLARK HILL STRASBURGER**

By: */s/ David James*
   David James, Attorney-in-Charge
   FBN: 588556 │ SBN: 24032467
   david.james@clarkhillstrasburger.com
   2615 Calder Avenue, Suite 240
   Beaumont, Texas 77702
   T: 409.351.3800
   F: 409.351.3883

**ATTORNEY FOR PLAINTIFF GULF COPPER & MANUFACTURING CORPORATION**

**Of Counsel:**
**CLARK HILL STRASBURGER**

Marianne Laine
FBN: 3159565 │ SBN: 24062834
marianne.laine@clarkhillstrasburger.com
2615 Calder Avenue, Suite 240
Beaumont, Texas 7772
T: 409.351.3800
F: 409.351.3883